**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Maria E. MENDOZA, Defendant–Appellant.**

**No. 00–50457.
D.C. No. CR–99–3568–MJL.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 6, 2001.

Decided Aug. 15, 2001.

Before KOZINSKI and THOMAS, Circuit Judges, and WHYTE, District Judge.*

**MEMORANDUM ****

█ The district court did not err in admitting Mendoza's post-arrest statements. The statements were knowingly and voluntarily made after Mendoza was informed of and waived her *Miranda* rights. Mendoza had the benefit of an interpreter when she was informed of her rights. She stated she understood her rights and signed and initialed a waiver of rights form. She, not the interpreter, is properly viewed as the declarant of the statements which indicated her understanding and waiver of her rights. *See United States v. Nazemian,* 948 F.2d 522, 525–26 n. 5 (9th Cir.1991).

█ Although pre-arraignment delay may be considered by the trial court in determining whether to admit a confession, the "real test" of admissibility is

---

* The Honorable Ronald M. Whyte, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

whether the confession was voluntary. *United States v. Fouche,* 776 F.2d 1398, 1406 (9th Cir.1985) (citing *United States v. Halbert,* 436 F.2d 1226, 1231 (9th Cir. 1970)), *overruled on other grounds by California v. Hodari D.,* 499 U.S. 621, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991). Here, although there was a twelve-hour delay between Mendoza's arrest and her statements, the circumstances do not show that the statements were involuntary. Mendoza had been informed of her rights, and she was not subjected to threats or promised favors. In fact, she reinitiated conversation after her initial interview had concluded. The record does not support a conclusion that Mendoza was coerced into confessing due to lack of sleep, lack of food or the fact that there would be some delay before she was brought before a magistrate or provided an attorney.

Mendoza's arguments regarding *Apprendi* are unpersuasive because her sentence did not exceed the prescribed statutory maximum. *See United States v. Nordby,* 225 F.3d 1053 (9th Cir.2000).

Mendoza's contention that the district court erred in finding the amount of marijuana, and hence a base offense level of 16, by a preponderance of the evidence is without merit, because the finding as to the amount did not have an extremely disproportionate effect on her sentence relative to the offense of conviction. *See United States v. Mezas de Jesus,* 217 F.3d 638, 642 (9th Cir.2000).

■ The district court did not abuse its discretion when it denied Mendoza's motion for a mistrial after the court excused a juror who the defense reported had been seen talking with a government witness. The district judge thoroughly explored the circumstances and satisfied himself that the remaining jurors would not hold the incident against the defense. *See United States v. Sarkisian,* 197 F.3d 966, 981 (9th Cir.1999).

■ The district court did not err in allowing expert testimony regarding the amount of the marijuana seized and that the amount was a distributable quantity. Mendoza was provided with the expert's resume as well as a chart detailing the expert's calculations regarding the value of the marijuana. The fact that the bulk of the marijuana had been destroyed does not make evidence of the quantity inadmissible. The question of admissibility is left to the discretion of the trial judge. *Guam v. Reyes,* 879 F.2d 646, 649 (9th Cir.1989). There is nothing in the record suggesting that the trial judge abused his discretion in admitting evidence of the amount of marijuana seized.

■ The district court did not abuse its discretion when it denied Mendoza's request for a continuance and a surrebuttal. The photographs Mendoza wanted to obtain and present related to a collateral matter and could not have been obtained without delaying the proceedings. *See United States v. Antonakeas,* No. 99–10002, 255 F.3d 714, 723–24 (9th Cir.2001).

**AFFIRMED.**